Irving A. Green, S.
The administratrix of this estate having unsuccessfully attempted to have a specific legatee, Emilie Fischer, reduce the subject matter of her legacy to her possession has incurred estate expenses consisting of apartment rent and storage charges for the safekeeping of the subject matter of the legacy provided to her by article "tenth” of the will, which reads as follows: "I give and bequeath unto emilie fischer, of The Allerton, 130 East 57th Street, New York, 22, New York, my zircon ring, and also all my remaining personal effects, except cash and securities, and I request that the said Emilie Fischer shall distribute such of said personal property as I shall designate in a list which I shall leave with this my Will to the persons named in said list.”
In addition to the foregoing bequest, the will makes provision for such specific legatee to receive, out of the residuary estate, the cash sum of $1,000 or 3% of the net residuary estate, whichever is larger.
The specific legatee has not formally, and in an acknowledged writing, renounced the specific legacy (EPTL 3-3.10) but has failed to respond to the efforts of the administratrix that she reduce the subject matter of the legacy to her possession and custody and accept the same.
By this unopposed proceeding, the administratrix seeks a decree that: (1) the bequest provided this legatee by article "tenth” of the will has "adeemed” and forms a part of the residuary estate and (2) the estate expenses incurred for the safekeeping of the subject matter of the legacy by reason of the legatee’s failure to reduce the same to her possession be charged against such legatee’s residuary bequest.
Where, as here, the assets of the estate are sufficient to satisfy all claims and expenses, the administratrix was, and is, under no obligation to reduce the subject matter of this specific legacy to her possession or to deliver it to the specific legatee. The title to a specific legacy is inchoate only until assent to the legacy is given by the estate fiduciary after ascertaining the sufficiency of the estate assets to provide for the discharge of the proper estate claims and expenses. Upon
*402 such assent, the specific legacy ceases to be a part of the assets of the estate and the inchoate title of the legatee is perfected. (Matter of Wright, 15 Misc 2d 225, 228, and cases cited.) Accordingly, title to the subject matter of this specific legacy vested in the legatee as of the date of death of the testatrix. The law is settled that a legatee of an unconditional legacy need never formally accept the legacy. If he does not wish it, he must affirmatively renounce it. No one has the power to deprive him of it. He may not rid himself of his legacy except by his own affirmative act. (Matter of Wilson, 298 NY 398, 402-403.) Accordingly, the specific legatee in this case having never affirmatively renounced this legacy, it may not form a part of the residuary estate herein.
The subject matter of this legacy being the property solely of the legatee, there is no further responsibility upon the estate fiduciary to safekeep the same and no warrant for the expenditure, or continued expenditure, of general estate assets for such purpose. The safekeeping of the personal property which is the subject matter of the specific legacy is at the risk of the legatee to whom reasonably sufficient written notice should be delivered identifying the same and the location where the legatee may reduce the same into her custody and possession.
The issue respecting the expenses previously paid out of the general estate assets for the safekeeping and storage of the subject matter of the specific legacy is reserved to the final accounting herein for determination.